Temiz v TJX Cos., Inc. (2019 NY Slip Op 09375)





Temiz v TJX Cos., Inc.


2019 NY Slip Op 09375


Decided on December 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 26, 2019

Renwick, J.P., Manzanet-Daniels, Oing, Singh, González, JJ.


10654N 158865/16

[*1] Hulya Temiz, Plaintiff-Respondent,
v
The TJX Companies, Inc., et al., Defendants-Appellants.


McAndrew, Conboy & Prisco, LLP, Melville (Mary C. Azzaretto of counsel), for appellants.
Steven C. Rauchberg, P.C., New York (Steven C. Rauchberg of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered May 13, 2019, which granted plaintiff's motion for an order to strike defendants' answer for spoliation of evidence to the extent of directing an adverse inference charge at trial, unanimously modified, on the law and the facts, to delete the adverse inference charge as specified, and remand the matter for a new adverse inference charge in accordance herewith, and otherwise affirmed, without costs.
In ordering a lesser sanction than the striking of the answer that plaintiff requested in response to defendant's spoliation of evidence (see CPLR 3126), the motion court directed that the jury be instructed that "if the footage was preserved and produced, it would have shown that a slippery substance was on the floor long enough for the defendant to be aware of the condition and therefore the defendant had constructive notice of the slippery condition at the time plaintiff fell." This charge is not appropriate, because it requires, rather than permits, the jury to draw an adverse inference, and is tantamount to a grant to plaintiff of summary judgment as to liability (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 554 [2015]). Accordingly, a new, permissive adverse inference charge is required (see PJI 1:77.1).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 26, 2019
CLERK